**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| PATTI MILLER, | ) | CASE NO. 1:19CV2704 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | |
| THE EASTERN COMPANY | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiff Patti Miller's ("Miller") Motion to Remand to the Medina County Court of Common Pleas. (ECF # 7). For the following reasons, the Court grants the Motion and Remands the case to the Medina County Court of Common Pleas for further adjudication.

On October 15, 2019, Plaintiff Patti Miller filed her Complaint with the Medina County Court of Common Pleas, alleging Age and Disability Discrimination in violation of Ohio law. On November 18, 2019, Defendant The Eastern Company filed its Notice of Removal, alleging the parties are diverse as Miller is an Ohio resident and Defendant is a Connecticut company. At issue here is the jurisdictional amount which Defendant contends is met based on the damages Miller seeks to recover, including compensatory, punitive and

attorney fees. Defendants contend these damages exceed the $75,000 jurisdictional threshold.

On December 3, 2019, Miller filed her Motion to Remand, contending that Defendants could not show by a preponderance of the evidence that her claims exceed the jurisdictional amount and she expressly stipulates that her total damages do not exceed $75,000.

## **Standard of Review**

28 U.S.C. § 1441 provides that "an action is removable only if it could have initially been brought in federal court." *Cole v. Great Atl. & Pacific Tea Co.*, 728 F. Supp. 1305, 1307 (E.D.Ky. 1990). Put another way, "[a] civil case that is filed in state court may be removed by the defendant to federal district court if the plaintiff could have chosen to file there originally." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). The burden of establishing federal jurisdiction rests upon the removing party. *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994). "Concern about encroaching on a state court's right to decide cases properly before it, requires this court to construe removal jurisdiction narrowly." *Cole*, 728 F. Supp. at 1307 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941)). A removed case ***must*** be remanded if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). In addition, "[w]here there is doubt as to federal jurisdiction, the doubt should be construed in favor of remanding the case to the State court where there is no doubt as to its jurisdiction." *Walsh v. Am. Airlines, Inc.*, 264 F. Supp. 514, 515 (E.D.Ky. 1967); see also *Breymann v. Pennsylvania, O. & D. R.R.*, 38 F.2d 209, 212 (6th Cir. 1930).

Federal district courts are courts of limited jurisdiction. *Bender v. Williamsport Area*

*Sch. Dist.*, 475 U.S. 534, 541 (1986) (citing *Marbury v. Madison*, 1 Cranch 137, 5 U.S. 137 (1803)). "Subject matter jurisdiction is the unwaivable *sine qua non* for exercise of the federal judicial power." *Crabtree v. Wal-Mart*, 2006 WL 897210 at *1 (E.D.Ky. Apr. 4, 2006), slip copy; *Richmond v. Int'l Bus. Machs. Corp.*, 919 F.Supp. 107 (E.D.N.Y. 1996) (citing Fed.R.Civ.P. 12(b)(1)). Want of subject matter jurisdiction may be raised at any time by the parties or by the Court on its own initiative. Fed.R.Civ.P. 12(b)(1) and 12(h)(3); *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939). "[D]efects in subject matter jurisdiction cannot be waived by the parties and may be addressed by a court on its own motion at any stage of the proceedings." *Curry v. U.S. Bulk Transp., Inc.*, 462 F.3d 536, 540 (6th Cir. 2006) (citing *Owens v. Brock*, 860 F.2d 1363, 1367 (6th Cir. 1988)).

28 U.S.C. § 1332 states in pertinent part:

**(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--

**(1)** citizens of different States . . .

"Generally, because the plaintiff is "master of the claim," a claim specifically less than the federal requirement should preclude removal." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000); see also, *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993).

The rule in the Sixth Circuit is that the determination of federal jurisdiction in a diversity case is made at the time of removal. *See Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). Furthermore, "the removing defendant must show that it is "more likely than not" that the plaintiff's claims meet the amount in controversy

3

requirement." *Rogers, id.*; *Gafford*, 997 F.2d at 158.

The United States Supreme Court has stated, " the amount-in-controversy allegation of a defendant seeking federal-court adjudication should be accepted when not contested by the plaintiff or questioned by the court. In the event that the plaintiff does contest the defendant's allegations, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied..." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82, 135 S. Ct. 547, 550, 190 L. Ed. 2d 495 (2014). "Thus, if defendants do not produce evidence showing that it is more likely than not that the plaintiff's claims exceed $75,000, the case must be remanded to state court." *Crimaldi v. Pitt Ohio Express, LLC,* 185 F. Supp. 3d 1004, 1007 (N.D. Ohio 2016)

According to Miller, Defendant failed to meet its evidentiary burden to show by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. In fact, Defendant produced no evidence at all in response to Miller's Motion to Remand. Miller's Complaint seeks an amount in excess of $25,000. Thus, it is unclear whether Miller's damages meet the $75,000 threshold. Although Miller seeks punitive damages and attorney fees, Defendants merely speculate what these would be. Mere speculation and conjecture do not suffice to meet Defendant's evidentiary burden to show the district court has subject matter jurisdiction over Plaintiff's claims.

Furthermore, Miller stipulates that her total damages will not exceed $75,000. This Court has previously held, "events occurring after an action is removed which reduce the amount recoverable below the statutory limit do not oust the district court's jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab. Co. .*, 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845

(1938). However, courts in this Circuit have held that remand to state court is required when a stipulation "provide[s] for the first time the upper limit on the damage amount claimed by the plaintiff," and does not modify the amount in controversy or change ... [the] information upon which the defendant relied in removing the action." *AKC, Inc. v. ServiceMaster Residential/Commercial Servs. Ltd. P'ship,* No. 5:13CV388, 2013 WL 1891362, at *4 (N.D. Ohio May 6, 2013) citing *Patterson v. Chipotle Mexican Grill, Inc.,* 2012 WL 6733085, at *2 (N.D. Ohio, Dec.28, 2012).

Because the amount in controversy is unclear from Miller's Complaint, Defendant had the burden to show by a preponderance of evidence that Miller's claims more likely than not meets the jurisdictional amount-in-controversy threshold. Defendant failed to offer any evidence to meet its burden. Because precedent is clear that when a Defendant fails to meet its evidentiary burden to show subject matter jurisdiction, remand is required. Furthermore, Miller's stipulation sets the amount in controversy below the jurisdictional threshold. Therefore, the Court grants Miller's Motion to Remand and orders the above action remanded to Medina Court of Common Pleas for further adjudication.

IT IS SO ORDERED.


Dated: March 30, 2020 　　　　　　　 /s/Christopher A. Boyko
　　　　　　　　　　　　　　　　　　 CHRISTOPHER A. BOYKO
　　　　　　　　　　　　　　　　　　 Senior United States District Judge